UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PETUR M. SIGURDSSON,

      Plaintiff,

v.                                   Case No:  6:12-cv-920-Orl-TBS

ERNESTO DICARLANTONIO,

      Defendant.

_____

## ORDER[1]

      Pending before the Court are three discovery-related motions: Defendant's Motion to Compel for Deposition (Doc. 42); Defendant's Motion to Dismiss (Doc. 46); and Defendant's Motion for Sanctions (Doc. 53).  The Court will **GRANT** Defendant's Motion to Dismiss (Doc. 46) only to the extent that it seeks to recover expenses due to Plaintiff's absence from his properly noticed deposition and otherwise **DENY** the motions.

## Background

      Plaintiff Petur Sigurdsson brought this suit against Defendant Ernesto DiCarlantonio alleging that, for the 2010 and 2011 tax years, Defendant fraudulently filed on behalf of Lighthouse Properties of America, Inc. ("Lighthouse") forms 1099-MISC with the Internal Revenue Service representing commission payments from Lighthouse to Plaintiff that were never actually made.  (Doc. 1, ¶¶ 10, 11, 16, 17).  Defendant has admitted that Lighthouse never paid Plaintiff the commissions, but only because Plaintiff

---

[1] On October 3, 2012, the parties consented to the exercise of jurisdiction by a magistrate judge in this case.  (Doc. 29).  Accordingly, the case was referred to the undersigned by an Order of Reference on October 9, 2013.  (Doc. 30).

had outstanding debts to Defendant. (Doc. 28, ¶ 22; Doc. 73 p. 5).  For most of this case, both parties proceeded pro se; however, Defendant has recently obtained counsel.

## Discussion

The three motions before the Court concern two discovery-related disputes. Defendant's Motions to Compel for Deposition (Doc. 42) and to Dismiss (Doc. 46) arise from Plaintiff's failure to attend his properly noticed deposition on August 30.  Defendant's Motion for Sanctions (Doc. 53) concerns an affidavit Plaintiff included with his Motion for Summary Judgment dated August 7, 2013.  (Doc. 39).

A. Plaintiff's Failure to Attend his Deposition

Some time on or before August 19, 2013, Plaintiff and Defendant agreed that Defendant would take Plaintiff's deposition on August 30.  On August 19, Defendant mailed to Plaintiff a Notice of Taking Deposition, which, in accordance with the parties' agreement, set Plaintiff's deposition for 10:00 AM on August 30.  (Doc. 42, p. 4-5). On August 24, Plaintiff sent to Defendant a "Reply to Defendant's Notice of Taking Deposition" indicating that "Plaintiff will not be available Friday, August 30th, 2013, at 10:00 AM" and requesting 30 days' notice[2] if Defendant wished to reschedule the deposition.  (Doc. 42, p. 6).  Defendant received this letter on August 26; the next day, he filed his Motion to Compel Deposition (Doc. 42), asking the Court to order Plaintiff to show up on the 30th.[3]  On August 30, Defendant and a court reporter showed up for Plaintiff's deposition, but Plaintiff did not appear.  (Doc. 46, p. 8).

On September 4, Defendant filed a "Motion to Dismiss," requesting that the Court sanction Plaintiff for failing to appear for his deposition, including a monetary sanction to

---

[2] In his response to Plaintiff's Motion to Compel, Defendant withdrew this request.  (Doc. 44, p. 1).
[3] Defendant also requested that the Court order Plaintiff to "cooperate and attend mediation."  (Doc. 42, p. 2).

compensate Defendant for expenses stemming from the missed deposition and dismissal of Plaintiff's case. (Doc. 46).[4]  On September 6, Defendant filed a memorandum in support of this motion. (Doc. 49).  Shortly thereafter, the parties agreed to reschedule Plaintiff's Deposition for September 10 at 10:30. (Doc. 51, p. 1).  Plaintiff appeared for the rescheduled deposition.

A court may impose sanctions if "a party . . . fails, after being served with proper notice, to appear for [his] deposition." Fed. R. Civ. P. 37(d)(1)(A)(ii). This rule "makes it explicit that a party properly served has an absolute duty . . . to present himself for the taking of his deposition." Penthouse Int'l v. Playboy Enterprises, Inc., 663 F.2d 371, 390 (2d Cir. 1981). The Court may sanction a party who fails to appear for his own deposition without offering a good excuse for his absence. Griffin v. Aluminum Co. of America, 564 F.2d 1171, 1172 (5th Cir. 1977) (per curiam).

The Court's enjoys broad discretion in crafting an appropriate sanction for violations of the discovery rules.  United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997).  Permissible sanctions include striking pleadings, staying proceedings, or even dismissing an action. Id.; See FED. R. CIV. P. 37(b)(2)(A), (d)(3).  The Court may also require the party who failed to appear to pay the other party "reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).  "The burden of establishing substantial justification is on the party being sanctioned." Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463, 466 (9th Cir. 1995), abrogated on other grounds by Cunningham v. Hamilton County, 427 U.S. 198 (1999).

---

[4] On the same day, Defendant moved to extend the discovery deadline. (Doc. 45). The Court denied this motion without prejudice because Defendant failed to comply with Local Rule 3.01(g).

Plaintiff has failed to offer substantial justification for his failure to attend his deposition.  In his papers opposing Defendants' motions, Plaintiff explains that he cancelled the deposition because of unspecified "prior obligations."  (Doc. 44, p. 1; Doc. 51, p. 1).  At the hearing, Plaintiff explained that after he agreed to be deposed on August 30, he found out that there was a "suspected problem with a closing."[5]  (Doc. 73, p. 28). These reasons are far too vague to constitute "substantial justification" for missing one's deposition.  The Court therefore finds that Plaintiff's failure to attend his deposition was not substantially justified, and also finds that no other circumstances render an award of expenses under Rule 37(d)(3) unjust.  Accordingly, Defendant's motion (Doc. 46) will be **GRANTED** to the extent that it seeks recovery of expenses.  Within 14 days, Defendant shall file with the Court a statement itemizing his expenses caused by Plaintiff's failure to attend his August 30 deposition, along with evidence of those expenses.  After Defendant files this statement, Plaintiff shall have 14 days to dispute any of the claimed expenses.

More severe sanctions are unwarranted.  Plaintiff's failure to appear for his deposition does not warrant dismissal.  The Eleventh Circuit has emphasized that dismissal for discovery violations is appropriate "only 'where a party's conduct amounts to flagrant disregard and willful disobedience of <u>discovery orders</u>.'" <u>Certain Real Property Located at Route 1</u>, 126 F.3d at 1317 (quoting <u>Buchanan v. Bowman</u>, 820 F.2d 359, 361 (11th Cir. 1987)).  District courts may dismiss cases only as a "last resort" when "noncompliance with discovery orders is due to willful or bad faith disregard for those orders."  <u>Cox v. American Cast Iron Pipe Co.</u>, 784 F.2d 1546, 1556 (11th Cir. 1986). Aside from the Case Management and Scheduling Order–which is entered in every civil case in this district–the Court has not entered any discovery orders that Plaintiff might

---

[5] Plaintiff also explained that, if he knew the deposition would not have taken all day, he would have shown up on the 30th.

have violated.  And, considering that Defendant was able to reschedule and take

Plaintiff's deposition less than two weeks after it was originally scheduled (and without

any court order compelling the deposition), there is no basis for a finding of "willful," "bad

faith," or "flagrant" disregard of the discovery rules, much less the Court's order.  Finally,

the sanctions the Court has ordered will redress the harm Defendant suffered from

Plaintiff's violation.  To the extent Defendant's Motion to Dismiss seeks sanctions beyond

those the Court has awarded, the motion is **DENIED**.

Defendant's motions are also **DENIED as MOOT** to the extent they request an

order compelling Plaintiff to appear for a deposition or to cooperate with mediation.

Plaintiff has been deposed, and the parties mediated the case before Mr. Anthony Diaz

on September 12 as scheduled.  (Doc. 57).  Finally, the Court will not award Mr.

DiCarlantonio expenses incurred in making his motion, because it finds Mr. DiCarlantonio

failed to attempt in good faith to obtain the discovery or disclosure before filing his

motions with this court.  Fed. R. Civ. P. 37(b)(5)(A)(i).  On this note, the Court reminds the

parties of their obligation to confer with each other in good faith before filing discovery

and sanctions motions.  Local Rule 3.01(g) provides:

> Before filing any motion in a civil case, except a motion for
> injunctive relief, for judgment on the pleadings, for summary
> judgment, to dismiss or to permit maintenance of a class
> action, to dismiss for failure to state a claim upon which relief
> can be granted, or to involuntarily dismiss an action, the
> moving party shall confer with counsel for the opposing party
> in a good faith effort to resolve the issues raised by the
> motion, and shall file with the motion a statement (1) certifying
> that the moving counsel has conferred with opposing counsel
> and (2) stating whether counsel agree on the resolution of the
> motion. A certification to the effect that opposing counsel was
> unavailable for a conference before filing a motion is
> insufficient to satisfy the parties' obligation to confer. The
> moving party retains the duty to contact opposing counsel
> expeditiously after filing and to supplement the motion

> promptly with a statement certifying whether or to what extent
> the parties have resolved the issue(s) presented in the motion.
> If the interested parties agree to all or part of the relief sought
> in any motion, the caption of the motion shall include the word
> "unopposed," "agreed," or "stipulated" or otherwise succinctly
> inform the reader that, as to all or part of the requested relief,
> no opposition exists.

Although the rule refers to "counsel," the Court has interpreted it to apply to pro se litigants. The rule is designed to prevent the filing of motions to resolve procedural disputes that can usually be settled with a telephone conversation. Defendant's Motion to Compel, which was filed three days <u>before</u> Plaintiff's scheduled deposition and became moot almost as soon as it was ripe, is the sort of motion the drafters of the local rules had in mind. In the future, the parties should make a good-faith effort to resolve process disputes before seeking judicial intervention.

   B.  <u>Plaintiff's Summary Judgment Affidavit</u>

Defendant's Motion for Sanctions (Doc. 53) seeks sanctions pursuant to Rule 11(b) against Plaintiff for filing a "false or misleading" affidavit in support of his Motion for Summary Judgment (Doc. 39). The affidavit in question reads, in full:

> I, Petur Sigurdsson, first being duly sworn and under penalty
> of perjury say:
>
> 1.  In 2010 I sold, as a real estate salesperson, two properties,
>     1508 Lark Nest Ct., and 1884 Peterson Pl.
>
> 2.  When closing on these two properties, I had a contract with
>     Ernesto Di Carlantonio, Broker of Light House Properties,
>     stating that I would receive 100% of the commissions I
>     earned through the sale of homes.
>
> 3.  Ernesto Di Carlantonio, Broker of Light House Properties,
>     refused to pay my commission as per our contract.
>
> 4.  In 2011, I sued Mr. Di Carlantonio's Brokerage, Light
>     House Properties, for my unpaid commission.

     5.  In 2011 and again in 2012, Mr. Di Carlantonio filed with the Internal Revenue Service a 1099-misc. stating that he paid me the commission for which I was suing him.

     6.  In December 2011 and June 2013 I received final judgments against Mr. Di Carlantonio's brokerage, proving that he did not, and still has not, paid me my commission.

(Doc. 39, pp. 3-4).

Defendant argues that Paragraphs 4 and 6 are misleading because they imply that he owned Lighthouse Properties.  (Doc. 54, p. 3).  He also contends that Paragraphs 5 and 6 are false or misleading because Plaintiff received his commission from Lighthouse Properties, not Defendant and because Plaintiff sued Lighthouse Properties, not Defendant, for the unpaid commissions.  (Id.)[6]

By presenting any paper to the court, a party "certifies . . . to the best of the person's knowledge, information, and belief" that the paper is not being presented for an improper purpose and that the factual contentions in the paper have evidentiary support or are anticipated to have evidentiary support after a reasonable opportunity for further investigation. FED. R. CIV. P. 11(b)(1), (3).  If a party violates Rule 11(b), a court may impose sanctions on that party, which "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  FED. R. CIV. P. 11(c)(4).

"While the primary goal of Rule 11 is the deterrence of baseless filings, pursuit of that goal must be tempered by a concern for avoiding a proliferation of satellite litigation." Consolidated Doors, Inc. v. Mid-America Door Co., 120 F. Supp. 2d 759, 768 (E.D. Wis. 2000) (citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 393 (1990)).  That concern is

---

[6] Defendant's motion also seeks dismissal of the case "as a frivolous suit with no merit."  (Doc. 53, p. 3).  The Court does not view the case as frivolous, so it will deny this request.

particularly acute here, where the parties are already embroiled in state-court disputes between Plaintiff and Lighthouse Properties.

It is far from clear that Plaintiff's affidavit contains a sanctionably false statement. It is true that Plaintiff's affidavit could be read to imply that Defendant owns Lighthouse Properties (he doesn't) and is personally liable for the debt (undecided).  But, the three offending paragraphs are also susceptible to a reading that is almost entirely true. Defendant objects to Plaintiff's use of "[Defendant]'s brokerage" to refer to Lighthouse Properties as somehow implying that Defendant owns the brokerage.  The possessive form, however, is often used to convey relationships other than ownership.  The Court reads Plaintiff's use of "[Defendant]'s brokerage" in his affidavit to convey a relationship of affiliation (the brokerage that Defendant is affiliated with), rather than ownership (the brokerage that Defendant owns).

Nor does the court read the affidavit as implying that Defendant is personally liable for the unpaid commissions.  When Plaintiff asserts that Defendant "still has not[] paid me my commission," the Court interprets this as a statement that Defendant has not paid the commission in his capacity as an officer of Lighthouse Properties and from the funds of Lighthouse Properties.  It does not understand Plaintiff to imply that Defendant is personally liable for any debt of Lighthouse Properties to Plaintiff, and if Plaintiff intended any such implication, the Court rejects it.

Sanctions are therefore inappropriate, given that the statements do not necessarily contain or imply any statement of fact that is false or lacking evidentiary support.  Even if Plaintiff's affidavit was intended to mislead the Court, it still would not warrant sanctions. Whether Plaintiff may personally sue Defendant for the unpaid commissions is not material to this litigation.  And, because the Court has not been misled, Defendant has

suffered no prejudice.  Cf. Televideo Systems, Inc. v. Mayer, 139 F.R.D. 42, 49 (S.D.N.Y. 1991).  Defendant's Motion for Sanctions (Doc. 53) is **DENIED**.

### I.    Conclusion

Upon consideration of the Plaintiff's motions and memoranda in support, Defendant's responses in opposition, and the arguments made at hearing on October 1:

1. Defendant's Motion to Dismiss (Doc. 46) is **GRANTED** to the extent that it seeks recovery of Defendant's expenses caused by Plaintiff's failure to attend his deposition.  To the extent this Motion seeks and additional or different relief it is **DENIED**.

2. Within 14 days from the date of this Order, Defendant shall file with the Court a statement itemizing his expenses caused by Plaintiff's failure to attend his August 30 deposition, along with evidence of those expenses. These expenses may include court reporter costs and any fees for the notice of non-appearance.  Defendant may not, however, list expenses incurred in preparing any of the pending motions.  Plaintiff shall then have 14 days to file with this Court a statement disputing any of the expenses Plaintiff has claimed.

3. Defendant's Motion to Compel (Doc. 42) is **DENIED as MOOT**.

4. Defendant's Motion for Sanctions (Doc. 53) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Counsel of Record
      Unrepresented Parties