UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PETUR M. SIGURDSSON,

     Plaintiff,

v.                                         Case No:   6:12-cv-920-Orl-TBS

ERNESTO DICARLANTONIO,

     Defendant.

_____

## ORDER

Pending before the Court is Plaintiff's Motion in Limine (Doc. 97), which alleges:

"Plaintiff moves that the court exclude the following evidence listed on Defendant's evidence list:

       D-23 Light House Properties of America Office Policy Manual

       D-24 Light House Properties of America DBPR License

Plaintiff brings this motion *in limine* on the grounds that they are not relevant to the case. This evidence fails to pass the relevancy test outlined in Federal Rules of Evidence rule 401. Both pieces of evidence fail to the relevant facts in question more or less probable."

The local rules of this court provide that "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request . . ." M. D. FLA. R. 3.01(a).   A motion that is devoid of any argument as to why the movant is entitled to relief shall be denied.   Cf. Supermedia, LLC v. W.S. Marketing, Inc., No. 8:11-cv-296-T-33TBM, 2011 WL 3625627, at *2 (M.D. Fla. Aug. 17, 2011);

Hickman v. Wal-Mart Stores, 152 F.R.D. 216, 219 (1993); United States v. Angulo, No. 8:12-cv-1379-JSM-EAJ, 2012 WL 6009338, at *2-3 (M.D. Fla. Dec. 3, 2012).

Accordingly, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.   Since the deadline for filing *in limine* motions has passed, Plaintiff has **until close of business on April 18, 2014** to file an amended motion.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Any Counsel of Record
      *Pro se* Plaintiff
      *Pro se* Defendant